JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lokman Mohamed

**DEFENDANTS**

Essam E. Babkkir and Edirgawi Transport, Inc.

**(b)** County of Residence of First Listed Plaintiff   Hartford, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wayne, MI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Feeda R. Musitief, The Musitief Firm, LLC, 1333 Race Street, Philadelphia, PA 19107 (215) 703-5400

Attorneys *(If Known)*
Joseph F. Butcher, Zimmer Kunz, PLLC, 310 Grant Street, Suite 3000, Pittsburgh, PA 15219 (412) 434 - 5449

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☒ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other    ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332 - Diversity Jurisdiction
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
2/8/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph F. Butcher

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOKMAN MOHAMED,                          No.: 2:22-cv-00516

            Plaintiff,
                                         *Electronically Filed*

    vs.

ESSAM E. BABKKIR AND EDIRGAWI
TRANSPORT, INC.

            Defendants.


## NOTICE OF REMOVAL

        AND NOW, come Defendants, Essam E. Babkkir and Edirgawi Transport, Inc., by

and through their counsel, Zimmer Kunz PLLC and Joseph F. Butcher, and file the following

Notice of Removal of the above-captioned action to the United States District Court for the Eastern

District of Pennsylvania from the Court of Common Pleas of Philadelphia County, pursuant to 28

U.S.C. § 1441 *et seq*. and, in support thereof, aver as follows:

        1.      This Civil Action arises out of an accident on February 12, 2020 on

Interstate 80 in Jefferson County, Washington Township, Pennsylvania.  *See* Complaint attached

hereto as Exhibit "A".

        2.      Plaintiff Lokman Mohamed commenced this Civil Action through a

Complaint filed on or about January 21, 2022 in the Court or Common Pleas of Philadelphia

County, Pennsylvania and it has a docket number of 220101797.

        3.      Plaintiff alleges that he resides in the State of Connecticut.

        4.      Defendant Essam Babkkir is a citizen and resident of the State of Michigan.

        5.      Defendant Edirgawi Transport, Inc. is incorporated under the laws of the

State of Michigan and has its principal place of business in the State of Michigan.

6.      Defendants were served with the Plaintiff's Complaint on or about January 31, 2022.

7.      Plaintiff is alleged to be a citizen of Connecticut and Defendants are citizens of Michigan and, as such, diversity of citizenship existed at the time this civil action was filed and at the time of the filing of this Notice of Removal.

8.      Plaintiff's Complaint asserts claims against the defendants where Plaintiff seeks to recover damages that exceed the jurisdictional limits of compulsory arbitration of $50,000 in Philadelphia County for injuries to Plaintiff as well as property damages.  Plaintiff further alleges that he is entitled to recovery of punitive damages.

9.      A fair reading of the Plaintiff's Complaint, with his claims for damages (both alleged compensatory and punitive damages) reveals an amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.  *See generally* Plaintiff's Complaint.

10.     Accordingly, this action is one in which the District Courts of the United States possess original jurisdiction under 28 U.S.C. § 1332.

11.     Venue is proper in this Court because it is the district court for the district in which Plaintiff's cause of action was originally filed.

12.     This Notice of Removal is filed within thirty (30) days after the Defendants' receipt of service of Plaintiff's Complaint at which time it was first ascertained that Plaintiff's Complaint and claims are ones which are removable.

13.     The Plaintiff's Complaint is the only filing received by Defendants as filed in the Court of Common Pleas of Philadelphia County, Pennsylvania.

14.     With filing of this Notice of Removal, Defendants are filing a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia

County, Pennsylvania advising that the Defendants have removed this action to the United States District Court for the Eastern District of Pennsylvania, together with service to all parties.  A copy of this filing is attached hereto as Exhibit "B".

15.     By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

WHEREFORE, this civil action filed in the Court of Common Pleas of Philadelphia County, Pennsylvania at Civil Docket 220101797 is hereby removed to the United States District Court for the Eastern District of Pennsylvania.

**A JURY TRIAL IS DEMANDED, INCLUDING A REQUEST FOR A 12 MEMBER JURY**

Respectfully submitted:

*/s/ Joseph F. Butcher*
Joseph F. Butcher (PA #86464)
E-Mail: butcher@zklaw.com
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 434 - 5449
Fax: (412) 281-1765
*Attorney for Defendants Essam E. Babkkir and Edirgawi Transport, Inc.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the Notice of Removal was forwarded to Plaintiff's counsel electronically through email and through U.S. Mail, first class, postage prepaid on the <u>9th</u> day of February, 2022 as follows:

Feeda R. Musitief, Esquire
The Musitief Firm, LLC
1333 Race St.
Philadelphia, PA 19107
fm@musitief.com

Respectfully submitted,

*/s/ Joseph F. Butcher*
Joseph F. Butcher (PA #86464)
E-Mail: butcher@zklaw.com
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 434 - 5449
Fax: (412) 281-1765
*Attorney for Defendants Essam E. Babkkir and Edirgawi Transport, Inc.*

**THE MUSITIEF FIRM, LLC**
**By:** Feeda R. Musitief, Esquire
1333 Race St.
Philadelphia, P.A. 19107
Attorney I.D.: 202768
Tel: 215-703-5400
Fax: 215-703-5402
Fm@musitief.com

Attorney for Plaintiff



Filed and Attested by the
Office of Judicial Records
21 JAN 2022 05:19 pm
S. RICE

**Major Non-Jury**

| | |
|---|---|
| LOKMAN MOHAMED | **PHILADELPHIA COUNTY** |
| 1408 Twin Circle Drive | **COURT OF COMMON PLEAS** |
| South Windsor, CT 05074 | |
| Plaintiff | |
| v. | |
| ESSAM E. BABKKIR | |
| 7700 Steadman Street | |
| Dearborn, MI 48126 | **TERM,** |
| | **NO.** |
| & | |
| EDIRGAWI TRANSPORT, INC | |
| 4570 Walwit Street | |
| Dearborn, MI 48126 | |
| Defendants | |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. | "Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las |
| You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | |

EXHIBIT "A"

Case ID: 2201017

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA  19107
(215) 238-6333   TTY# (215) 451-6197

provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
(215) 238-6333   TTY# (215) 451-6197

**THE MUSITIEF FIRM, LLC**
By: Feeda R. Musitief, Esquire                    Attorney for Plaintiff
1333 Race St.
Philadelphia, P.A. 19107
Attorney I.D.: 202768
Tel: 215-703-5400
Fax: 215-703-5402
Fm@musitief.com

| | | |
|---|---|---|
| LOKMAN MOHAMED | : | **PHILADELPHIA COUNTY** |
| 1408 Twin Circle Drive | : | **COURT OF COMMON PLEAS** |
| South Windsor, CT 05074 | : | |
| Plaintiff | : | |
| v. | : | |
| ESSAM E. BABKKIR | : | |
| 7700 Steadman Street | : | |
| Dearborn, MI 48126 | : | **TERM,** |
| | : | **NO.** |
| & | : | |
| | : | |
| EDIRGAWI TRANSPORT, INC | : | |
| 4570 Walwit Street | : | |
| Dearborn, MI 48126 | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, Lokman Mohamed, by and through his attorneys, The Musitief Firm, LLC and

Feeda R. Musitief, Esquire, states that he has causes of action against Defendants, Essam E.

Babkkir, and Edirgawi Transport Inc., in support thereof avers the following:

## I. PARTIES

1.      Plaintiff, Lokman Mohamed, is an adult individual residing at the above stated

address.

2.      Defendant, Essam E. Babkkir, is an adult individual residing at the above stated

address.

Case ID: 2201017

3.      Defendant, Edirgawi Transport Inc., ("hereinafter referred to as "Edirgawi Transport"), upon information and belief, is a corporation or other business entity existing under the laws of Michigan which does regular business in Pennsylvania and has offices at the above stated address.

4.      At all material times, Defendants, Essam E. Babkkir and Edirgawi Transport, Inc, were required to adhere to the laws of the Commonwealth including but not limited to the rules of the road.

5.      Defendant, Essam E. Babkkir, at all times material was acting within the course and scope of his employment/agency and on behalf of Defendant, Edirgawi Transport, Inc, and in the furtherance of Edirgawi Transport's business

6.      Defendants are vicariously liable for the negligent acts and/or omissions of their employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

## II. CHRONOLOGY OF FACTS

7.      On or about February 12, 2020, Plaintiff, Lokman Mohamed, was stopped and fully parked in his Truck on the right shoulder of Westbound on I-80 in Washington Township. Jefferson County, Pennsylvania

8.      Plaintiff was waiting for other Trucks stopped in front of Plaintiff to enter the rest stop so that he could as well.

9.      At all material times hereto, several Tractor Trailers/Trucks were parked and/or stopped in front of Plaintiff on the shoulder and in the designated rest area lane.

10.      At the aforesaid time and place, Defendant, Essam E. Babkkir, was operating a tractor-trailer vehicle traveling Westbound on I-80.

11.     At all materials times, it was icy and snowy.

12.     At all material times, Defendant was operating his truck at an excessive rate of speed under the circumstances.

13.     At the aforesaid time and place, Defendant, Essam E. Babkkir operated his Truck/ Tractor Trailer at an extremely dangerous rate of speed, and suddenly without warning, lost control of his truck striking the rear of one vehicle and violently colliding at high speed with Plaintiff's vehicle.

14.     Defendant, Essam E. Babkkir, negligently and recklessly operated his vehicle and, suddenly and without warning, violently collided with Plaintiff's vehicle at an extremely high rate of speed.

15.     As a result of this collision, Plaintiff's vehicle suffered disabling damage. A true and correct photograph of Plaintiff's vehicle as a result of this crash is attached hereto as exhibit "A."

16.     Defendant, Essam E. Babkkir's vehicle came to a "Jackknife" position after striking/colliding with Plaintiff's vehicle.

17.     The collision was caused solely by the negligence, carelessness and recklessness of Defendant, Essam E. Babkkir.

18.     As a direct and proximate result of this collision, Plaintiff, Lokman Mohamed, suffered serious and permanent injuries as more fully stated below.

19.     Plaintiff is entitled to recover Full Tort Benefits.

## COUNT I: NEGLIGENCE/RECKLESSNESS
## LOKMAN MOHAMED v. ESSAM E. BABKKIR

20.     Plaintiff, Lokman Mohamed, incorporates herein by reference the preceding paragraphs as if fully set forth at length herein.

21.     At the time of the collision, Defendant, Essam E. Babkkir, carelessly and

recklessly operated his vehicle, causing his vehicle to collide violently with Plaintiff's vehicle.

22.     The collision was caused solely by the negligence, carelessness and recklessness of Defendant which included but is not limited to the following:

a.   Failing to keep a reasonable and proper lookout for other vehicles on the street road or highway, directly in front of Defendant;

b.   Operating said motor vehicle at a high, excessive, imprudent and unsafe rate of speed under the circumstances and prevailing conditions in violation of 75 Pa. C.S.A. §3361;

c.   Failing to have and maintain the said motor vehicle under proper and adequate control under the circumstances so that it could stop without endangering other vehicles on the road in violation of 75 Pa. C.S.A. §3362;

d.   Driving in a careless disregard for the safety of others, in violation of 75 Pa. C.S.A. §3714;

e.   Operating his vehicle at a high and excessive rate of speed under the circumstances;

f.   Failing to have his vehicle under proper and adequate control at all times relevant hereto;

g.   Failing to give proper and sufficient warning of the approach of his vehicle;

h.   Driving and operating his vehicle in a careless and inattentive manner;

i.   Following other drivers too closely;

j.    Striking/rear-ending Plaintiff;

k.   Failing to pay proper attention to his immediate surroundings;

l. Negligence per se for, inter alia, violating the above enumerated cited and other statutes of the Commonwealth relating to the operation of motor vehicles on the streets and highways; and

m. Failing to exercise due care under the circumstances;

n. Tailgating;

o. Driving at an excessive and dangerous rate of speed;

23.   As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant, Essam E. Babkkir, as aforesaid, Plaintiff suffered serious and permanent injuries which caused a substantial impairment of bodily function. Plaintiff's injuries include without limitation, injuries to his neck, back, knee, head, muscles, tendons, discs, ligaments, nerves, disc protrusion at L4-L5 and L5-S1, disc bulge at L2-L3 and L3-L4, lumbar sprain/strain, radiating pain into his neck, back, legs, posttraumatic headache, sprain of neck, sprain of thoracic and lumbar region, upper, mid and lower back pain, right shoulder pain, right hand pain, and other ills and injuries, as well as aggravation of pre-existing conditions, if any, some or all of which injuries may be permanent; Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain of mind and body, and, in addition, he has suffered and/or will suffer a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need to incur costs for future treatment all to his financial detriment.

**WHEREFORE**, Plaintiff, Lokman Mohamed, hereby requests this Honorable Court to grant judgment in his favor and against Defendant, Essam E. Babkkir in a sum more than $50,000 plus interest, delay damages, and cost of suit.

## COUNT II: NEGLIGENT/ENTRUSTMENT/RESPONDENT SUPERIOR
## LOKMAN MOHAMED V. EDIRGAWI TRANSPORT

24.     Plaintiff repeats and incorporates every allegation contained in the above paragraphs as if fully stated herein.

25.     At all material times, Defendant, Essam E. Babkkir, was an employee/agent of Edirgawi Transport and was operating the tractor-trailer vehicle in the course and scope of his employment/agency with Defendant, Edirgawi Transport.

26.     At all material times, Defendant, Edirgawi Transport, owned the tractor-trailer vehicle which struck Plaintiff's vehicle.

27.     At all times material hereto, Defendant, Edirgawi Transport, authorized and permitted Defendant, Essam E. Babkkir, to use its motor vehicle.

28.     Defendant, Edirgawi Transport, Inc, is vicariously liable for the negligent, careless and reckless acts of its permissive user and/or employee, agent, and/or contractor, Defendant, Essam E. Babkkir, who at all material times was acting within the scope of said authority, agency, and/or employment.

29.     Defendant, Edirgawi Transport, Inc, knew or should have known that Defendant, Essam E. Babkkir, was incapable of safely operating a tractor-trailer vehicle.

30.     While operating Edirgawi Transport' motor vehicle, Defendant, Essam E. Babkkir, negligently, carelessly and recklessly struck Plaintiff's vehicle.

31.     Defendant, Edirgawi Transport, Inc, knew and/or had reason to know that Defendant, Essam E. Babkkir, would operate the tractor-trailer vehicle in a negligent, careless and reckless manner causing injury to other people on the road.

32.     Defendant, Essam E. Babkkir, did in fact operate the tractor-trailer in a careless, negligent and reckless manner causing injury to Plaintiff.

33.     Defendant, Edirgawi Transport, Inc, negligently entrusted Defendant, Essam E. Babkkir, to operate its tractor-trailer vehicle.

34.     At all material times, Defendant, Edirgawi Transport, Inc, employees' safety policies were deficient.

35. At all material times, the training provided by Edirgawi Transport, Inc, to its employees/contractors including but not limited to Essam E. Babkkir were severely inadequate and deficient.

36.     Defendant, Edirgawi Transport, Inc, is liable for its deficient training and safety guidelines and/or policies which contributed to the happening of this incident.

37.     Defendant is further liable for the negligent hiring, training, and supervision of its employees and/or contractors including Essam E. Babkkir.

38.     As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant, Essam E. Babkkir, as aforesaid, Plaintiff suffered serious and permanent injuries which caused a substantial impairment of bodily function. Plaintiff's injuries include without limitation, injuries to his neck, back, knee, head, muscles, tendons, discs, ligaments, nerves, disc protrusion at L4-L5 and L5-S1, , disc bulge at L3-L4 and L4-L5, lumbar sprain/strain, radiating pains into his neck, back and legs, posttraumatic headache, sprain of neck, sprain of thoracic and lumbar region, upper, mid and lower back pain, right shoulder pain, right hand pain, and other ills and injuries, as well as aggravation of pre-existing conditions, if any, some or all of which injuries may be permanent; Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain of mind and body, and, in addition, he has suffered and/or will suffer a loss of earnings and/or earning capacity and other economic losses including but not limited to

Case ID: 2201017

outstanding medical bills and the need to incur costs for future treatment all to his financial detriment.

**WHEREFORE**, Plaintiff, Lokman Mohamed, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Edirgawi Transport, Inc, in a sum more than $50,000.00 plus interest, delay damages, and costs of suit.

## COUNT III: PUNITIVE DAMAGES
## LOKMAN MOHAMED V. ESSAM E. BABKKIR AND EDIRGAWI TRANSPORT

39.   Plaintiff herein incorporates by reference the allegations contained in all prior Paragraphs as if fully set forth at length herein.

40.   At the time of the aforementioned crash, Defendant, Essam E. Babkkir, was operating the tractor-trailer in a complete reckless disregard for the safety of the public including but not limited to Lokman Mohamed.

41.   A tractor-trailer is an extremely dangerous vehicle to operate.

42.   At the time of the collision, Defendant, Essam E. Babkkir, operated the tractor-trailer at an excessive rate of speed striking Plaintiff's vehicle.

43.   At the time of the collision, Defendant, Essam E. Babkkir, was operating his vehicle at an excessive rate of speed well above posted speed limits upon I-80 needlessly endangering members of the public including but not limited to Plaintiff, Lokman Mohamed.

44.   Upon information and belief, in addition to traveling at an excessive rate of speed, Defendant, Essam E. Babkkir, was operating his vehicle while distracted and/or impaired.

45.   Defendant, Essam E. Babkkir, knew or recklessly disregarded the propensity for severe harm resulting to others, including Plaintiff, by operating a tractor-trailer and at an excessive speed placing members of the public including Plaintiff in serious jeopardy.

46.     Upon information and belief, Defendants' tires and brakes were not properly maintained prior to the time of the collision.

47.     Upon information and belief, Defendant, Edirgawi Transport, Inc, encourages its drivers to speed and to work excessive hours without enough rest in violation of Federal and State regulations.

48.     At all material times, Defendant, Essam E. Babkkir lost control of his vehicle.

49.     Defendant, Essam E. Babkkir struck the rear of another vehicle prior to colliding with Plaintiff's vehicle.

50.     Defendant, Essam E. Babkkir's vehicle came to a "Jackknife" position after colliding with Plaintiff's vehicle.

51.     At all material times, Edirgawi Transport, Inc, recklessly or deliberately disregarded the probability of causing severe harm to members of the public including but not limited to Plaintiff by failing to properly supervise, train and hire drivers who could safely operate a tractor-trailer on the roadways.

52.     Defendant, Edirgawi Transport, Inc, is further liable for the negligent and reckless hiring, training, and supervision of its employees and/or contractors including Defendant, Essam E. Babkkir.

53.     Defendants, Edirgawi Transport, Inc, and Essam E. Babkkir's actions were wanton and reckless.

54.     As a direct and proximate result of recklessness of Defendants as aforesaid, Plaintiff sustained serious and permanent injuries as aforementioned above.

55.     Punitive Damages are appropriate against Defendants.

**WHEREFORE**, Plaintiffs, Lokman Mohamed, hereby requests this Honorable Court to enter judgment in his favor and against Defendants, Essam E. Babkkir and Edirgawi Transport, in a sum more than $50,000 plus interest, delay damages, punitive damages and cost of suit.

**COUNT IV: PROPERTY DAMAGES**
**LOKMAN MOHAMED v.  ALL DEFENDANTS**

56.     Plaintiff repeats each and every allegation in the previous counts of this Complaint as though set forth at length herein.

57.     As a result of the aforesaid collision and negligence of Defendant, aforesaid Plaintiff's 2012 Freightliner Cascadia 125 received major damage and Plaintiffs have incurred vehicle and travel expenses to and from medical providers and suffered other pecuniary damages.

58.     As a direct result of the crash, Plaintiff's vehicle has suffered a diminution in value.

59.     Plaintiff was prevented from working and has lost wages.

60.     Plaintiff is entitled to recover property damages.

WHEREFORE, Plaintiff, Lokman Mohamed, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Edirgawi Transport, Inc, in a sum more than $50,000.00 plus interest, delay damages, and costs of suit.

Respectfully Submitted,
THE MUSITIEF FIRM, LLC

By: _____
Feeda R. Musitief, Esquire
Attorney for Plaintiff

Date: 1-21-22

Case ID: 2201017

## VERIFICATION

I, Lokman Mohamed hereby state that I am the Plaintiff in this matter and that the averments contained in the foregoing pleading/discovery document(s) are true and correct to the best of my knowledge, information and belief, and further that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification.

_____
Lokman Mohamed

# EXHIBIT "A"

Case ID: 2201017



Case ID: 2201017

Case ID: 220101797

Joseph F. Butcher
PA #86464
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 434 - 5449
Fax: (412) 281-1765
E-Mail: butcher@zklaw.com

Attorney for Defendants
Essam E. Babkkir and Edirgawi
Transport, Inc.,

_____

LOKMAN MOHAMED,                          : COURT OF COMMON PLEAS
                                         : PHILADELPHIA COUNTY
              Plaintiff,                  :
                                         : CIVIL ACTION
       v.                                :
                                         : Term
ESSAM E. BABKKIR and EDIRGAWI            : No.
TRANSPORT, INC.                          : Case ID: 220101797
                                         :
              Defendants.                 :
_____

## NOTICE OF FILING OF REMOVAL

TO:  OFFICE OF JUDICIAL RECORDS, CIVIL/PROTHONOTARY

       **PLEASE TAKE NOTICE** that Defendants, Essam E. Babkkir and Edirgawi Transport,

Inc., by and through their counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, has removed

this action to the United States District Court for the Eastern District of Pennsylvania, on February

8, 2022. A Notice of Removal was filed with the Clerk of the United States District Court for the

Eastern District of Pennsylvania. Thereafter, the United States District Court, Eastern District of

Pennsylvania assigned it to Docket No. 2:22-cv-00516. In accordance with 28 U.S.C. § 1446(d), no

further proceedings shall be held in the Court of Common Pleas of Philadelphia County,

Pennsylvania unless and until this action is remanded.



EXHIBIT "B"

Respectfully submitted:

*/s/ Joseph F. Butcher*

Joseph F. Butcher (PA #86464)
E-Mail: butcher@zklaw.com
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 434 - 5449
Fax: (412) 281-1765
*Attorney for Defendants Essam E. Babkkir and Edirgawi Transport, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

*/s/ Joseph F. Butcher*
Joseph F. Butcher, Esquire
Pa. I.D. #86464

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the within **Notice of Filing of Removal** was forwarded to counsel below named by email and U.S. Mail on 9th day of February, 2022:

Feeda R. Musitief, Esquire
The Musitief Firm, LLC
1333 Race St.
Philadelphia, PA 19107
fm@musitief.com

Respectfully submitted:

*/s/ Joseph F. Butcher*
Joseph F. Butcher (PA #86464)
E-Mail: butcher@zklaw.com
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 434 - 5449
Fax: (412) 281-1765
*Attorney for Defendants Essam E. Babkkir and Edirgawi Transport, Inc.*

02248708.DOCX 5915-0006

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1408 Twin Circle Drive, South Windsor, CT 05074___

Address of Defendant: ___4570 Walwit Street, Dearborn, MI 48126___

Place of Accident, Incident or Transaction: ___Interstate 80, Washington Township, Jefferson County, Pennsylvania___

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___02/08/2022___   _(signature)_ Attorney-at-Law / Pro Se Plaintiff   ___PA 86464___
Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

A.    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

B.    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
Sign here if applicable
Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)